UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA R.D. CLAVETTE,<br><br>                    Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>                    Defendant. | Case No. 3:12-cv-05959-RBL-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL |

This matter is before the Court upon plaintiff's filing of a motion for court-appointed counsel. See ECF #2. She has been granted *in forma pauperis* status in this case. See ECF #3. After reviewing the motion and the balance of the record, the Court finds and ORDERS:

Plaintiff appears to be bringing her motion for court-appointed counsel pursuant to the "federal statues protecting civil rights." ECF #2, p. 1. This case, however, involves plaintiff's request for judicial review of the denial of her application for Social Security benefits, and thus is not a civil rights action. Accordingly, any right to appointment of counsel pursuant to such statutes is not available here.

In addition, "[g]enerally, a plaintiff in a civil case has no right to appointed counsel. Johnson v. Commissioner of Social Sec., 2012 WL 124793 *2 (S.D.Cal. January 17, 2012) (citing Hernandez v. Whiting, 881 F.2d 768, 770–71 (9th Cir.1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir.1986)). While the Court "has discretion . . . to appoint an attorney to represent 'any person unable to afford counsel,'" a plaintiff seeking to have counsel

ORDER - 1

appointed in a civil case "must make a reasonably diligent effort to obtain counsel before [the C]ourt may exercise its discretion" in this area. Id. (quoting 28 U.S.C. § 1915(e)(1); citing Bailey v. Lawford, 835 F.Supp. 550, 552 (S.D.Cal. 1993)).

Before counsel may be appointed in a civil case, furthermore, a finding of "exceptional circumstances" also must be made, which requires an evaluation of the plaintiff's "(1) likelihood of success on the merits, and (2) ability to articulate his [or her] claims *pro se*" in light of the complexity of legal issues involved. Id. (quoting Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991) (quoting Wilson v. Esalderon, 789 F.2d 1328, 1331 (9th Cir.1986))). "Neither of these issues is dispositive," however, "and both must be viewed [by the Court] before reaching a decision." Johnson, 2012 WL 124793 *2 (quoting Terrell, 935 F.2d at 1017 (quoting Wilson, 789 F.2d at 1331)).

In this case, plaintiff has not shown that she has made "a reasonably diligent effort to obtain counsel." Id. (citing Bailey, 835 F.Supp. at 552). For example, the only thing plaintiff states she has down in this regard is to contact "the Lawyer who had previously handled my original case." ECF #2. She does not state what result that contact produced or any other efforts she has made to secure counsel. Plaintiff also has not demonstrated a likelihood of success on the merits or "explain[ed] how the complexity of [her] action would prevent h[er] from articulating h[er] claims *pro se*." Id. Accordingly, plaintiff's motion for court-appointed counsel (ECF #2) hereby is DENIED.

DATED this 13th day of February, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2