UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAUDIA R.D. CLAVETTE,<br><br>                  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,[1] Commissioner of Social Security<br><br>                  Defendant. | Case No. 3:12-cv-05959-RBL-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL |

This matter comes before the Court on plaintiff's filing of a motion to reconsider the Court's order denying her motion for court-appointed counsel. See ECF #2, #9, #11. After reviewing plaintiff's motion to reconsider and the balance of the record, the Court finds and ORDERS:

In its prior order the Court denied plaintiff's motion for court-appointed counsel on the basis that she had not shown she had made a reasonably diligent effort to obtain counsel, that she had not demonstrated a likelihood of success on the merits and that she had not explained how the complexity of her action would prevent her from articulating her claims *pro se*. See ECF #9, p. 2. Plaintiff now asserts that she made diligent efforts to obtain counsel by contacting the "Clear NW justice project," Southwest Washington Lawyer Referral Service and the Social Security Administration ("SSA"), in addition to the attorney who previously handled her case,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

ORDER - 1

and that given that this is an overpayment of benefits case, there will not be any funds to pay for private counsel. ECF #11, pp. 2-3.  Plaintiff further asserts as follows:

> Plaintiff is currently receiving [Supplemental Security Income benefits] and has been doing so since February 24, 2003 and the amount in dispute falls within the time period she was determined to be eligible by the court.  SSA created an overpayment from amounts already approved in prior court proceedings and this was not considered in a second hearing as requested.  Additional evidence was not taken into consideration during and after the second hearing.  All these foregoing reasons demonstrate the likelihood of success on the merits and explain the complexity of her action.  Plaintiff's severe impairments of bipolar I disorder, amnesiac disorder NOS; and post traumatic stress disorder, would prevent her from articulating her claims *pro se*. . . .

Id. at p. 3.

Because "[m]otions for reconsideration are disfavored," the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule MJR 7(h)(1).  Plaintiff has not met these standards.  First, it cannot be said that the efforts to obtain counsel plaintiff describes were reasonably diligent, as once more she has offered no details as to the nature of the alleged contact or the results thereof, her belief that she need not provide any such details notwithstanding.  Thus, while it may be that there is no express requirement "to exhaust the legal directory" as plaintiff puts it, the Court still requires *some* additional information other than the mere assertion that prospective counsel has been contacted to go on to make its decision. ECF #11, p. 2 (quoting Bailey v. Lawford, 835 F.Supp. 550, 552 (S.D. Cal. 1993) (quoting Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301, 1319 (9th Cir.1981)).[2]

Even if plaintiff's alleged efforts could be said to have been reasonably diligent, she has

---

[2] But even in Bailey the plaintiff had informed the district court as to what specifically she was told by the attorneys she contacted. See id. at 552.

ORDER - 2

again not shown a likelihood of success on the merits. Although plaintiff asserts the evidence in this matter favors her, there is no indication that such is the case or that it would ultimately result in a ruling adverse to defendant. Nor has plaintiff demonstrated that the facts of this matter or of particularly complex. Lastly, and perhaps most significantly, plaintiff's assertion that her mental impairments prevent her from articulating her claims *pro se* are belied by the very articulate way she has argued for reconsideration of her motion for court-appointed counsel.

Accordingly, for all of the above reasons plaintiff's motion for reconsideration (see ECF #11) hereby is DENIED.

The Clerk is directed to send a copy of this order to and counsel for defendant.

DATED this 25th day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3